UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VINYARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>UPL NA INC, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00506-NONE-JLT<br><br>ORDER GRANTING UNOPPOSED MOTION TO AMEND COMPLAINT<br><br>(Doc. 23) |

Plaintiff seeks leave to file a first amended complaint. (Doc. 23.) Defendants filed a notice of conditional non-opposition to the motion. (Doc. 27.) For the following reasons, Plaintiff's motion for leave to amend is **GRANTED**.

**I.     Background and Factual Allegations**

On March 3, 2020, Plaintiff Anthony Vineyards, filed suit against Natural Plant Protection, Arysta LifeScience North America, LLC, and UPL NA Inc. for products liability and negligence in the Kern County Superior Court. (Doc. 1.) Plaintiff alleges that on or about May 18, 2019, Plaintiff treated 40 acres of Timpson grapes and 60 acres of Scarlet Royal grapes with Biomite according to the instructions and following the advice of its pest control advisor at 75.52 ounces in 300 gallons of water per acre. (Doc. 1 at 9, Complaint ¶ 8.) Plaintiff alleges that during the night of May 18, 2019, and into the morning of May 19, 2019, approximately 0.55 inches of rain fell in the treated sites as measured by the Arvin Edison California Irrigation Information Management System. (Doc. 1 at 9, Complaint ¶

9.) Plaintiff further alleges that the Biomite label allows the use of 100-400 gallons of water per acre in grapes, and the Biomite label is silent as to application in proximity to rain events. (Doc. 1 at 9, Complaint ¶ 10.) Plaintiff alleges that the Biomite label fails to inform users that if Biomite is applied at less than the maximum advised water rates in proximity to a rain event, scarring can occur if the Biomite migrates to the lower fruit surface, concentrating the Biomite and injuring the fruit. (Doc. 1 at 9-10, Complaint ¶ 10.) On April 7, 2020, Defendants filed an answer to the complaint in state court. (Id.) The action was removed to this Court on April 8, 2020. (Doc. 1.)

The Court entered a scheduling order on July 2, 2020. (Doc. 12.) On September 3, 2020, Plaintiff filed a notice of voluntary dismissal of defendant Natural Plant Protection (Doc. 16), and the Court entered an order closing the action as to Natural Plant Protection only (Doc. 17).

On August 18, 2021, Plaintiff filed the instant motion for leave to file a first amended complaint to name additional defendants within the chain of distribution of the Biomite miticide alleged to be defective in this action. (Doc. 23.) Defendants do not oppose Plaintiff's motion, but only on the condition that the dates and deadlines set forth in this Court's scheduling order entered on July 2, 2020 (Doc. 12) would remain in effect as to these Defendants if Plaintiff's motion is granted. (Doc. 27 at 2.)

Plaintiff claims that in the course of litigation, Plaintiff discovered additional information about the parties in the distribution chain and the relationship between them. (Doc. 23-1 at 4.) Plaintiff asserts that Brandt Consolidated, Inc. is a Delaware corporation which sold Biomite to Plaintiff Anthony Vineyards. (Doc. 23-1 at 4.) Plaintiff asserts that it was aware of Brandt but mistakenly believed it was part of, affiliated with, or corporately related to named defendant Arysta LifeScience North America, LLC. (Doc. 23-1 at 4.) Additionally, Plaintiff asserts that Jenco Enterprises, Inc. is a California corporation which sold Biomite to Plaintiff. (Doc. 23-1 at 4.) Finally, Plaintiff asserts that Nutrien Ag Solutions, Inc. is a Delaware corporation, which sold Biomite to Jenco, which sold Biomite to Plaintiff. (Doc. 23-1 at 5.)

**II.     Legal Standards**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a

motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III.    Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

A.    Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought will be the first amendment to the pleadings. Therefore, this factor weighs in favor of granting leave to amend.

B.  Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Plaintiff maintains that there is no evidence of undue delay in this case and alleges that in the course of litigation, Plaintiff discovered additional information about the parties in the distribution chain and the relationship between them. (Doc. 23-1 at 2-3.) This factor weighs in favor of amendment.

C.  Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking the proposed amendment. (See Doc. 23-1 at 2.) Therefore, this factor does not weigh against granting leave to amend.

D.  Futility of amendment

Futility may be found where the proposed claims duplicate existing claims or are patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Further, a court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). A proposed amendment is futile, if it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (reh'g en banc *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller*, 845 F.2d at 214.

Plaintiff claims that the defendants proposed to be added are strictly liable by being in the vertical chain of distribution. (Doc. 23-1 at 3.) Thus, the Court cannot find as a matter of law that the amendment would be futile.

E.     Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Plaintiff asserts that although permitting amendment to name the additional defendants will require a continuance of the existing deadlines set by the Court, their addition will substantially increase the chances of this matter resolving without litigation by adding to the pool of potential settlement funds. (Doc. 23-1 at 3.) Plaintiff contends there is no prejudice because under California law, the additional defendants are strictly liable simply by being in the vertical chain of distribution, including wholesale and retail distributors, licensors, and lessors of personal property. (Doc. 23-1 at 3.)

Defendants do not oppose Plaintiff's motion, but only on the condition that the dates and deadlines set forth in the Court's scheduling order entered on July 2, 2020 (Doc. 12) would remain in effect as to the current Defendants if Plaintiff's motion is granted. (Doc. 27 at 2.) Defendants assert that they have worked diligently to comply with the deadlines in the scheduling order. (Doc. 27 at 2.) Defendants assert that while they do not oppose Plaintiff's motion, in light of the progress toward completion of both fact and expert discovery that has occurred and is expected, Defendants would be prejudiced by any amendment to this Court's scheduling order that prevented or delayed the completion of expert discovery and/or any alteration to the existing motion deadlines that delayed Defendants' ability to obtain summary judgment as to Plaintiff's claims. (Doc. 27 at 3.)

Accordingly, the Court will grant the motion to amend, and the deadlines set forth in the

scheduling order entered on July 2, 2020 (Doc. 12) shall remain in effect as to Defendants UPL NA Inc. and Arysta LifeScience North America, LLC, and the Court contemplates that discovery will be completed as to these current defendants within the current deadlines. The Court will consider modifying the schedule if the new defendants appear and only upon a showing of good cause that the deadlines cannot be met because of the newly added defendants.

**IV.     Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the first amended complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend (Doc. 23) is **GRANTED**.
2. Plaintiff **SHALL** file the first amended complaint within three days; and
3. The deadlines set forth in the scheduling order entered on July 2, 2020 (Doc. 12) shall remain in effect as to Defendants UPL NA Inc. and Arysta LifeScience North America, LLC.

IT IS SO ORDERED.

Dated:   **September 9, 2021**           _ **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE