UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VINEYARDS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UPL NA INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00506-JLT-CDB<br><br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER <u>AS MODIFIED</u><br><br>(Doc. 98) |

**Relevant Background**

Plaintiff Anthony Vineyards ("Plaintiff") initiated this action with the filing of a complaint against Defendants Natural Plant Protection,[1] Arysta LifeScience North American, LLC ("Arysta"), and UPL NA Inc. ("UPL") (collectively, the "Initial Defendants") in the Kern County Superior Court on March 3, 2020. (Doc. 1). Initial Defendants answered the complaint in state court on April 7, 2020, and removed the action to this Court the next day. (*Id.*). The Court entered the operative scheduling order on July 6, 2020. (Doc. 12). On September 10, 2021—shortly after the close of fact discovery and 21 days before the close of expert discovery—the Court granted Plaintiff's motion for leave to amend and Plaintiff filed the first amended complaint ("FAC") the same day, adding as additional defendants Brandt Consolidated,

---

[1] Plaintiff voluntarily dismissed its claims against Defendant National Plant Protection on September 3, 2020. (Docs. 16, 17).

Inc. ("Brandt"), Nutrien Ag Solutions, Inc. ("Nutrien"), and Jenco Enterprises, Inc.[2] ("Jenco") (collectively with Initial Defendants, "Defendants").  (Docs. 28, 29).

On March 3, 2025, following the Court's denial of Defendants' motions for summary judgment (Doc. 91), the Court ordered the parties to file within 14 days of the entry of the order a joint scheduling report identifying at least two dates of mutual availability to convene for pretrial conference and trial and to "identify in their joint report dates of mutual availability to convene for settlement conference before the assigned magistrate judge if all parties jointly agree that a settlement conference would be fruitful."  (Doc. 96).  On March 17, 2025, the parties filed a joint scheduling report (Doc. 97) in response to the Court's order and therewith stipulated requests to amend the scheduling order (Doc. 98) and the operative protective order (Doc. 99).

**Stipulated Request to Amend Operative Scheduling Order**

Pending before the Court is the parties' stipulated request to amend the scheduling order. The parties represent that on March 11, 2025, they conferred and agreed that: (1) discovery should be reopened as to the newly added Defendants Nutrien and Brandt; (2) Nutrien and Brandt will be added as parties to the operative protective order; and (3) Nutrien will be provided copies of all previously exchanged written discovery, deposition transcripts, and all previously produced documents.  (Doc. 98 at 3-4).  The parties represent that due process requires that Nutrien and Brandt be afforded an adequate opportunity to develop a defense to the claim against it.  (*Id.* at 4).

In its September 9, 2021, order granting Plaintiff's unopposed motion to amend the complaint, the Court provided that it "will consider modifying the schedule if the new defendants appear and only upon a showing of good cause that the deadlines cannot be met because of the newly added defendants."  (Doc. 28 at 5-6).  Here, the Court finds good cause exists to reopen discovery and modify case management dates as set forth below to accommodate Defendants Nutrien and Brandt.  Thus, discovery will be reopened only to the extent of permitting Defendants Nutrien and Brandt an opportunity to take discovery; no additional discovery shall be

---

[2] Plaintiff voluntarily dismissed its claims against Defendant Jenco on November 16, 2021.  (Docs. 55, 56).

permitted by Plaintiff or Defendants UPL NA Inc. and Arysta.  (*See id.*) ("[T]he deadlines set forth in the [operative] scheduling order entered on July 2, 2020 (Doc. 12) shall remain in effect as to Defendants UPL NA Inc. and Arysta[.]").

**Conclusion and Order**

In light of the parties' representations in their stipulation (Doc. 98), and for good cause shown, it is HEREBY ORDERED that the scheduling order is amended <u>as modified</u> as follows:

| | |
|---|---|
| **Non-expert discovery (as to Nutrien and Brandt)** | **September 15, 2025** |
| **Expert discovery (as to Nutrien and Brandt)** | **September 30, 2025** |
| **Dispositive motion filing** | **October 17, 2025** |
| <u>**Dispositive motion hearing (JLT)**</u> | <u>**December 2, 2025, 8:30 a.m.**</u> |
| <u>**Pretrial conference (JLT)**</u> | <u>**January 26, 2026, at 1:30 p.m.**</u> |
| <u>**Jury trial (JLT)**</u> | <u>**March 24, 2026, 8:30 a.m.**</u> |

All other case management dates and provisions of the operative scheduling order (Doc. 12) not in conflict with this order remain unchanged except that the informal discovery dispute procedures (*see id.* at 4) shall be conducted via Zoom videoconference and that the requesting party may schedule this conference by contacting the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov.  At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position.  Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position.  At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling resolving the discovery dispute(s).

IT IS SO ORDERED.

Dated:   **March 18, 2025**                                    _____
                                                                                        UNITED STATES MAGISTRATE JUDGE