UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VINEYARDS,<br><br>    Plaintiff,<br><br>v.<br><br>UPL NA INC., *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00506-JLT-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 109)<br><br>**14-Day Deadline** |

Currently before the Court is a discovery dispute that Plaintiff Anthony Vineyards and Defendant Nutrien Ag Solutions, Inc., have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Relevant Background**

Plaintiff Anthony Vineyards ("Plaintiff") initiated this action with the filing of a complaint against Defendants Natural Plant Protection,[1] Arysta LifeScience North American, LLC ("Arysta"), and UPL NA Inc. ("UPL") (collectively, the "Initial Defendants") in the Kern County Superior Court on March 3, 2020. (Doc. 1). Initial Defendants answered the complaint in state court on April 7, 2020, and removed the action to this Court the next day. *Id*. The Court entered the operative scheduling order on July 6, 2020. (Doc. 12). On September 10, 2021—shortly after

---

[1] Plaintiff voluntarily dismissed its claims against Defendant National Plant Protection on September 3, 2020. (Docs. 16, 17).

the close of fact discovery and 21 days before the close of expert discovery—the Court granted Plaintiff's motion for leave to amend and Plaintiff filed the operative, first amended complaint ("FAC") the same day, adding as additional defendants Brandt Consolidated, Inc. ("Brandt"), Nutrien Ag Solutions, Inc. ("Nutrien"), and Jenco Enterprises, Inc.[2] ("Jenco") (collectively with Initial Defendants, "Defendants").  (Docs. 28, 29).

On March 18, 2025, following the Court's denial of Defendants' motions for summary judgment (Doc. 91), the Court granted the parties' stipulated request to continue case management dates to facilitate discovery among Plaintiff, Brandt and Nutrien.  (Doc. 101).  Pursuant to the amended, operative scheduling order, nonexpert discovery as to these parties closes on September 15, 2025.  *Id.*

Relevant here, Plaintiff alleges in the FAC that Nutrien sold a "minimum risk biochemical miticide that controls mites" called "Biomite" to a since-terminated Defendant (Jenco) that Jenco in turn sold to Plaintiff.  On or about May 18, 2019, Plaintiff treated 100 acres of its grape vineyards with the Biomite that Jenco purchased from Nutrien and sold to Plaintiff.  That evening and into the following morning, approximately 0.55 inches of rain fell in the area of the treated vineyards. Plaintiff alleges that the Biomite did not include sufficient instructions or warning of the potential for fruit scarring if Biomite is applied at a higher recommended water rate in proximity to a rain event.  Plaintiff alleges it lost the 100 acres of grapes to which Biomite was applied (valued at approximately $2 million dollars) due to fruit scarring and that Biomite's failure to perform safely was a substantial factor in causing Plaintiff's harm.

In its answer to the FAC, Nutrien asserts numerous affirmative defenses, including that Nutrien did not act negligently, that Plaintiff's damages did not arise from Nutrien's conduct, that "crop inputs or other materials at issue were used in a not intended or abnormal manner," and that Plaintiff's damages were "proximately caused by the intervening and superseding actions of others."

On July 8, 2025, following meet and confer efforts between the parties, counsel for Nutrien

---

[2] Plaintiff voluntarily dismissed its claims against Defendant Jenco on November 16, 2021. (Docs. 55, 56).

2

requested to convene for an informal discovery conference to resolve disputes concerning Plaintiff's responses to Nutrien's interrogatories and requests for production of documents. (Doc. 102). The parties thereafter filed a joint letter brief addressing the discovery disputes. (Doc. 109). The Court convened via Zoom for an informal discovery dispute videoconference on July 30, 2025. (Doc. 110). Plaintiff appeared through attorney Ralph Wegis; Nutrien appeared through attorney Elizabeth Dow. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.

**Governing Legal Standards**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

A party responding to an interrogatory is obligated to respond to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." *Franklin v. Smalls*, No. 09cv1067 MMA(RBB), 2012 WL

5077630, at *6 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[1], at 33–72 (3rd ed. 2012)).  "Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal. Jan. 23, 2024) (citation omitted).

Additionally, in response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

**Discussion**

For the reasons set forth below and further discussed and preserved on the record of the informal discovery dispute conference (*see* Doc. 110), the Court rules as follows.

**A. Nutrien's Interrogatories**

Nutrien challenges Plaintiff's responses to approximately 18 interrogatories as inadequate under the governing Federal Rules of Civil Procedure.

First, based on general agreement among counsel expressed at the discovery dispute conference, Plaintiff's objections to the interrogatories on grounds of overbreadth, burden and relevance are SUSTAINED to the following extent: as to any interrogatory for which Plaintiff is directed herein to serve an amended response, Plaintiff's response shall be limited to the 40 acres of Thompson grapes and the 60 acres of Scarlet Royal grapes treated with Biomite on or about May 18, 2019, as alleged in the FAC.

Second, although Plaintiff raised multiple other objections in its responses to the interrogatories, the Court will only address the ones it elected to address and pursue in the parties' joint discovery dispute brief. *See Franklin*, 2012 WL 5077630, at *6.  Even were the Court to

consider Plaintiff's objections not argued in the parties' joint discovery dispute brief, the objections on grounds of vagueness, ambiguity, and incomprehensibility are OVERRULED because they are perfunctory and not, as required under Rules 33 and 34, based on specific arguments that show why the request is vague, ambiguous, or incomprehensible. *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(B) (requiring that objections be stated "with specificity").  As just one example, to the extent Plaintiff argues that the term "Crop Inputs" is vague, the Court finds that the term is sufficiently well defined in Nutrien's discovery requests that Plaintiff has an adequate basis to serve a reasonable answer. *See, e.g., Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (the party objecting to discovery as vague or ambiguous "should exercise common sense and attribute ordinary definitions to terms in discovery requests.") (citation omitted); *Marti v. Baires*, No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *5 (E.D. Cal. June 5, 2012) (disagreeing that challenged interrogatory was vague, ambiguous, and unintelligible, and noting that "Defendant could have and should have made a reasonable effort to respond.").

Third, any residual objection by Plaintiff on grounds of relevance is OVERRULED.  In general, Nutrien's interrogatories seek information potentially relevant to its affirmative defenses, including that Plaintiff's damages were caused by intervening or superseding inputs and actions of others.  Thus, for instance, Nutrien seeks information concerning other crop inputs that may have been applied to the 100 acres of grape vineyards at issue, and the identity of the suppliers/sellers and the people who purchased, stored, and applied such crop inputs. Given the relevance of other crop inputs to Nutrien's assertion throughout its affirmative defenses that other factors besides Biomite caused or contributed to Plaintiff's damages, such information unquestionably is relevant. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of matter relevant to a party's claim or defense).

Fourth, as narrowed to the 100 acres of grape vineyards treated with Biomite that are at issue and further limited to the time period 2018 and 2019, the Court finds that Plaintiff's boilerplate objections to interrogatories Nos. 10, 11, 12, 13, 14, 15, 16, 19, 20, and 21 are meritless and OVERRULED, with the following exception: Plaintiff's responses to Nos. 12, 19, and 20 shall be limited to certifications and licensures of and permits held by people who selected, purchased,

1  used, transported, stored, or applied Crop Inputs.

## B. Nutrien's Requests for Production of Documents

Although Nutrien also objects to Plaintiff's responses to approximately seven related requests for production of documents, as the undersigned noted during the discovery dispute conference, Nutrien did not develop in the parties' joint informal discovery dispute brief any arguments concerning those document requests. However, given Plaintiff's pervasive use of boilerplate objections in response to those requests for production of documents, Plaintiff will be directed to serve amended responses and confirm whether it is (or is not) withholding otherwise responsive documents on any of the asserted grounds for objection. *See* Fed. R. Civ. P. 34(b)(2)(C) ("objection must state whether any responsive materials are being withheld on the basis of that objection"); *see also* Fed. R. Civ. P. 26(g)(1).

To the extent Plaintiff withholds from production on grounds of privilege any otherwise discoverable material, Plaintiff shall expressly make the privilege claim in its amended responses and provide Nutrien certain information sufficient to permit it to assess the claim. *See* Fed. R. Civ. P. 26(b)(5)(A). One method by which Plaintiff may satisfy Rule 26(b)(5) is to serve a privilege log. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). The Advisory Committee Note to what is now Rule 26(b)(5)(A) does not specify the specific information that must be provided in a privilege log. Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993) ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."). Nevertheless, in order to permit a receiving party (and the Court) to assess a producing party's privilege claim, a log typically must identify: the document's general nature and description; author's identity; date written, name/addressee of any recipient; document's location. *See Martinez v. City of Fresno*, No. CV F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal. Dec. 20, 2006) (citing *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir.), cert. denied, 519 U.S. 927 (1996)). Accord "What Constitutes an 'Adequate Privilege Log' under Rule 26(b)(5)," 51 A.L.R. Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery Practice (Aspen Publishers 2009) & *Sky Angel U.S., LLC v. Discovery Comms.*, LLC, 28 F. Supp. 3d 465 (D. Md. 2014), aff'd on other

grounds, 885 F.3d 271 (4th Cir. 2018)).

Plaintiff is admonished that, absent agreement by the parties, "[p]rivilege logs are due at the time a discovery response is made." *Sanchez v. Cnty. of Sacramento Sheriff's Dep't.*, No. 2:19-cv-01545 MCE AC, 2020 WL 3542328, at *2 (E.D. Cal. June 20, 2020) (citing Fed. R. Civ. P. 26(b)(5) & 34(b)).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, within 14 days of entry of this order, Plaintiff shall serve amended responses to Nutrien's interrogatories and requests for production of documents as directed above.

IT IS SO ORDERED.

Dated:   **August 6, 2025**                              _____
                                                                              UNITED STATES MAGISTRATE JUDGE