1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY VINEYARDS,                    Case No. 1:20-cv-00506-JLT-CDB

12                     Plaintiff,
                                            ORDER ON THIRD STIPULATION
13            v.                            AMENDING SCHEDULING ORDER
                                            AS MODIFIED
14   UPL NA INC., *et al.*,
                                            (Doc. 116)
15                     Defendants.

16

17          Pending before the Court is the parties' third stipulated request to amend the scheduling

18   order, filed on October 8, 2025.  (Doc. 116).

19          **Background**

20          In an earlier stipulated request to extend case management dates filed approximately one

21   month ago, the parties represented to the Court that Plaintiff and Defendant Nutrien "agreed to

22   coordinate the scheduling of various depositions and an inspection of Plaintiff's premises <u>in early</u>

23   <u>October</u>[,]" (Doc. 114 at 3) (emphasis added).  The parties now explain that, despite their efforts

24   in doing so, they are unable to complete depositions in early-October as originally planned.  (Doc.

25   116 at 4).  The parties represent that, following the Court's grant of their second stipulated request

26   to continue case management dates, Defendants served deposition notices which prompted a

27   number of issues, including Plaintiff's counsel informing Nutrien's counsel that one of the

28   intended deponents had retired and Plaintiff had no contact information for him, that Plaintiff's

1    counsel objected to the remaining deposition notices as untimely, and Nutrien being able to

2    complete service of one of the third-party deposition subpoenas because the deponent refuses to

3    accept service. *Id.* The parties represent that counsel for Nutrien and Plaintiff have agreed to

4    reschedule the depositions at a mutually agreeable date and time, preliminarily selecting dates for

5    depositions to occur the weeks of October 20 and October 27 but are now unable to meet those

6    dates due to a variety of conflicts among counsel. *Id.* at 4-5. The parties represent they all agreed

7    to a third stipulated modification of the operative scheduling order to allow sufficient time for

8    depositions to occur, to complete discovery, and to accommodate the scheduling difficulties. *Id.*

9    at 5. The parties state that the requested modifications should not affect the pretrial conference or

10   trial dates and that they do not anticipate requesting additional extensions. *Id.* The parties

11   therefore seek to move the following dates and deadlines: (1) fact discovery as to Nutrien and

12   Brandt to close on January 23, 2026; (2) expert witness discovery as to Nutrien and Brandt to close

13   on February 20, 2026; and (3) the filing of dispositive motions on March 6, 2026. *Id.*

14                  **<u>Discussion</u>**

15          In short, the parties seek additional time to schedule and conduct depositions following

16   counsels' apparent discovery – *after* the Court granted the parties' previous request to extend

17   discovery deadlines – of various scheduling conflicts that prevent them from completing

18   depositions in a timelier manner. Some of these scheduling conflicts are identified and explained

19   by counsel in the stipulation, other conflicts are not described and referred to in the stipulation

20   only in general terms.

21          District courts enter scheduling orders in actions to "limit the time to join other parties,

22   amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once

23   entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R

24   Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v.*

25   *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

26          Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only

27   for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals

28   has observed: "... trial courts in both the federal and state systems routinely set schedules and

1    establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be
2    successful only if the deadlines are taken seriously by the parties, and the best way to encourage
3    that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.
4    2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking
5    the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a
6    deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the
7    moving party "'was not diligent, the inquiry should end' and the motion to modify should not be
8    granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*,
9    975 F.2d at 609)

10        Here, the Court finds the parties were not diligent in their earlier meet/confer meetings
11   regarding the scheduling of depositions sufficient to warrant the substantial adjustments they now
12   seek to the operative case management deadlines. Specifically, the scheduling conflicts the parties
13   now raise in support of further amendment of the scheduling order should have been explored and
14   accounted for when the parties sought an earlier extension of deadlines to accommodate
15   depositions approximately one month ago. Further, contrary to the parties' misimpression (Doc.
16   116 at 5-6), their proposed continuance of the dispositive motion filing deadline would require
17   commensurate continuances of the dispositive motion hearing, pretrial conference, and trial dates.

18        This case has been pending for more than five years and the scheduling order modified
19   twice already. In light of the circumstances set forth above, it was incumbent on the parties to
20   engage in comprehensive meet/confer efforts and realistically propose to the Court a viable
21   schedule to complete pretrial discovery and motion practice – not present in piecemeal fashion
22   multiple requests for extensions.

23        The Court finds the parties have demonstrated limited good cause sufficient to warrant a
24   30-day extension of only the deadlines to complete nonexpert and expert discovery. Any
25   additional extensions would result in prejudicial adjustment of the remaining case management
26   dates – the parties fail to demonstrate good cause for such further adjustments.

27        No further extensions to the operative case management dates will be granted absent a
28   showing of extraordinary circumstances.

1    **Conclusion and Order**

2        In light of the parties' representations in their stipulation (Doc. 116), and for limited good

3    cause shown, it is HEREBY ORDERED that the amended scheduling order (Docs. 12, 101, 115)

4    is further amended <u>as modified</u> as follows:

5

| Non-expert discovery (as to Nutrien and Brandt) | December 14, 2025 |
| --- | --- |
| Expert discovery (as to Nutrien and Brandt) | January 14, 2026 |

8        All other case management dates and provisions of the operative scheduling order (Docs.

9    12, 101, 115) not in conflict with this order remain unchanged.

10   IT IS SO ORDERED.

11

12   Dated:   **October 9, 2025**

    _____
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28