UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VINEYARDS, | Case No. 1:20-cv-00506-JLT-CDB |
| Plaintiff, | ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE |
| v. | |
| UPL NA INC., *et al.*, | (Doc. 126) |
| Defendants. | **7-Day Deadline** |

Currently before the Court is a discovery dispute that Plaintiff Anthony Vineyards and Defendant Nutrien Ag Solutions, Inc., have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Relevant Background**

Plaintiff Anthony Vineyards ("Plaintiff") initiated this action with the filing of a complaint against Defendants Natural Plant Protection,[1] Arysta LifeScience North American, LLC ("Arysta"), and UPL NA Inc. ("UPL") (collectively, the "Initial Defendants") in the Kern County Superior Court on March 3, 2020. (Doc. 1). Initial Defendants answered the complaint in state court on April 7, 2020, and removed the action to this Court the next day. *Id*. The Court entered the operative scheduling order on July 6, 2020. (Doc. 12). On September 10, 2021—shortly after

---

[1] Plaintiff voluntarily dismissed its claims against Defendant National Plant Protection on September 3, 2020. (Docs. 16, 17).

the close of fact discovery and 21 days before the close of expert discovery—the Court granted Plaintiff's motion for leave to amend and Plaintiff filed the operative, first amended complaint ("FAC") the same day, adding as additional defendants Brandt Consolidated, Inc. ("Brandt"), Nutrien Ag Solutions, Inc. ("Nutrien"), and Jenco Enterprises, Inc.[2] ("Jenco") (collectively with Initial Defendants, "Defendants").  (Docs. 28, 29).

On March 18, 2025, following the Court's denial of Defendants' motions for summary judgment (Doc. 91), the Court granted the parties' stipulated request to continue case management dates to facilitate discovery among Plaintiff, Brandt and Nutrien.  (Doc. 101).  The operative case management dates were modified twice thereafter (Docs. 115, 117).  Pursuant to the operative scheduling order, discovery is closed and dispositive motions are due January 30, 2026.  (Doc. 117).

Relevant here, Plaintiff alleges in the FAC that Nutrien sold a "minimum risk biochemical miticide that controls mites" called "Biomite" to a since-terminated Defendant (Jenco) that Jenco in turn sold to Plaintiff.  On or about May 18, 2019, Plaintiff treated 100 acres of its grape vineyards with the Biomite that Jenco purchased from Nutrien and sold to Plaintiff.  That evening and into the following morning, approximately 0.55 inches of rain fell in the area of the treated vineyards.  Plaintiff alleges that the Biomite did not include sufficient instructions or warning of the potential for fruit scarring if Biomite is applied at a higher recommended water rate in proximity to a rain event.  Plaintiff alleges it lost the 100 acres of grapes to which Biomite was applied (valued at approximately $2 million dollars) due to fruit scarring and that Biomite's failure to perform safely was a substantial factor in causing Plaintiff's harm.

In its answer to the FAC, Nutrien asserts numerous affirmative defenses, including that Nutrien did not act negligently, that Plaintiff's damages did not arise from Nutrien's conduct, that "crop inputs or other materials at issue were used in a not intended or abnormal manner," and that Plaintiff's damages were "proximately caused by the intervening and superseding actions of others."

---

[2] Plaintiff voluntarily dismissed its claims against Defendant Jenco on November 16, 2021. (Docs. 55, 56).

In an order dated August 6, 2025 (the "August 6 Discovery Order"), the Court resolved certain discovery disputes among the parties involving Plaintiff's responses to Nutrien's interrogatories and requests for production of documents ("RPDs"). (Doc. 111). Relevant here, the Court ordered Plaintiff to serve amended responses to Plaintiff's RPDs "and confirm whether it is (or is not) withholding otherwise responsive documents on any of the asserted grounds for objection" identified in Plaintiff's original responses. *Id.* at 6.

On December 18, 2025, following meet and confer efforts between the parties, counsel for Nutrien requested to convene for an informal discovery conference to resolve disputes concerning Plaintiff's amended responses to Nutrien's RPDs, as ordered by the Court in the August 6 Discovery Order. (Doc. 120). The parties thereafter filed a joint letter brief addressing the discovery disputes. (Doc. 126). The Court convened via Zoom for an informal discovery dispute videoconference on January 16, 2026. (Doc. 127). Plaintiff appeared through attorney Ralph Wegis; Nutrien appeared through attorneys Sallie Gilbert and Marissa Corbell; the other appearing Defendants not directly involved in the discovery dispute appeared through attorney Matthew P. Nugent. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.

**Governing Legal Standards**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-

DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Although relevance is broadly defined, it does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

In response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request."  *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

A court may impose sanctions pursuant to Rule 37(b)(2) against a party who "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37(b) "gives a district judge discretion to make such orders ... as are just in regard to a party's failure to obey a discovery order."  *Valley Eng'rs Inc. v. Elec. Eng'g Co*., 158 F.3d 1051, 1056 (9th Cir. 1998) (quotation marks and citation omitted).  In addition to authorizing the issuance of "just orders" and granting other specified relief for a party's violation of a discovery order, Rule 37(b) provides, "[i]nstead of or in addition to [those sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). "The fact that [a party] eventually responded to the discovery requests does not preclude imposition of monetary sanctions."  *Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *7 (E.D. Cal. Sept. 12, 2016)) (citing *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)).

**Discussion**

Nutrien contends that Plaintiff failed to comply with the August 6 Discovery Order.  As recounted above, in that order, the Court ordered Plaintiff to serve amended responses to Nutrien's requests for production of documents "and confirm whether [Plaintiff] is (or is not) withholding

otherwise responsive documents on any of the asserted grounds for objection." (Doc. 111 at 6). In its amended responses, Plaintiff did not identify any responsive documents it was withholding on any grounds of asserted objection. *See* (Doc. 126 at Exhibit ["Ex."] B). Nevertheless, during depositions, Plaintiff's witnesses identified certain documents not previously produced that Nutrien contends are responsive to its RPDs. Nutrien identifies seven categories of documents it asserts Plaintiff withheld from production in violation of the August 6 Discovery Order and requests the Court impose sanctions in light of the violations. (Doc. 126 at 3).

During the parties' meet-and-confer consultations regarding the identified discovery disputes, Plaintiff produced to Nutrien seven of the documents that Nutrien sought and that had been identified during the depositions of Plaintiff's witnesses, but otherwise maintained that those and other documents were not "reasonably understood to be within the scope of the [RPDs]", but rather, were responsive to Nutrien's post-deposition "newly specified" categories for production. *See* Doc. 126 at 7.

As a preliminary matter, notwithstanding the Court previously overruled Plaintiff's objections to Nutrien's discovery requests on grounds of relevance, vagueness, ambiguity, and incomprehensibility, Plaintiff in its amended responses reasserted these same objections without any elaboration or specificity. *Cf.* (Doc. 111 at 4-5) (citing *inter alia* Fed. R. Civ. P. 34(b)(2)(B); *id.* at 6) *with* (Doc. 126, Ex. B). Accordingly, those objections are OVERRULED.

Separately, the Court observes that the sanctions Nutrien seeks for the alleged discovery violations are orders finding (or jury instructions directing) that certain material facts are conclusively found in Nutrien's favor. It appears to the Court that even granting Nutrien only some of the established facts as requested would be akin to directing judgment as a matter of law in favor of Nutrien. In other words, Nutrien has not proposed as a remedy for any discovery violation lesser sanctions, such as the reopening of discovery to permit it to take further discovery on newly-produced documents. The Court is mindful that sanctions under Rule 37(b) tantamount to dismissal, default judgment, or "deeming allegations established" are authorized only in "extreme circumstances" where the violator acted with willfulness, bad faith, or equivalent fault. *Ginger Root Office Assocs., LLC v. Advanced Packaging & Prods. Co.*, No. CV 07-05568 MMM

(JTLx), 2009 WL 10672776, at *4 (C.D. Cal. Feb. 18, 2009) (citing cases). As the circumstances present here are not "extreme" and do not evince bad faith conduct on the part of Plaintiff, the Court elects to impose lesser sanctions where, as described in further detail below and preserved on the record of the informal discovery dispute conference (*see* Doc. 127), the Court finds Plaintiff violated the August 6 Discovery Order.

### A. Category 1 – Documents Tracking Inventory

Plaintiff failed to produce certain handwritten notes in the possession of its Rule 30(b)(6) witness (farm manager Mr. John Kovacevich) tracking inventory of crop inputs for table grapes for the 2018 and 2019 growing seasons. While Plaintiff did not produce these notes during discovery, at Nutrien's request, following the close of nonexpert discovery, Plaintiff produced the documents. (Doc. 126 at 146-48). The documents plainly are responsive to Nutrien's RPDs No. 10 and No. 30. Counsel for Plaintiff offered no reasonable basis either in the parties' joint discovery dispute brief or during the discovery dispute conference to conclude otherwise. Nor did counsel set forth any basis for finding that the failure to timely produce the documents (*i.e.*, before nonexpert discovery had closed) in response to the August 6 Discovery Order was substantially justified. The documents have particular relevance to Nutrien's defense that it was not the source of the Biomite at issue and, thus, nonproduction of the documents harmed Nutrien by depriving it of an opportunity to examine a witness about the documents.

REMEDY: for the reasons summarized above and further addressed and preserved on the record, the Court finds that sanctions against Plaintiff pursuant to Rule 37(b)(2) are warranted given its failure to obey the August 6 Discovery Order to provide discovery was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court will order Plaintiff to pay Nutrien's reasonable expenses, including attorney's fees, caused by Plaintiff's failure (specifically, the expenses and fees incurred in connection with meeting/conferring with Plaintiff to remedy the discovery violations and in litigating the matter through the Court's informal discovery dispute procedures). *See* Fed. R. Civ. P. 37(b)(2)(A) & (C). Additionally, neither the handwritten notes about inventories of 2018 and 2019 crop inputs (Doc. 126 at 146-48) nor testimony about such notes may be used by Plaintiff for any purpose in

connection with dispositive motions or trial.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

### B.  Category 2 – Documents Related to 2018 Field Test

Plaintiff failed to produce a document that was in the possession of Mr. Kovacevich containing rates and other information related to a Biomite field test Plaintiff alleges occurred in July 2018.  While Plaintiff did not produce the document during discovery, at Nutrien's request, following the close of nonexpert discovery, Plaintiff produced the document.  (Doc. 126 at 149-50).  The document plainly is responsive to Nutrien's RPD No. 22.  Counsel for Plaintiff offered no reasonable basis either in the parties' joint discovery dispute brief or during the discovery dispute conference to conclude otherwise.  Nor did counsel set forth any basis for finding that the failure to timely produce the document (*i.e.*, before nonexpert discovery had closed) in response to the August 6 Discovery Order was substantially justified.  The document has particular relevance to Nutrien's defense that Plaintiff failed to comply with Biomite's labeling about field testing the product and, thus, nonproduction of the document harmed Nutrien by depriving it of an opportunity to examine a witness about the documents.

REMEDY:  for the reasons summarized above and further addressed and preserved on the record, the Court disagrees with Nutrien's contention that Mr. Kovacevich's recent testimony identifying the document "contradicts" his earlier testimony that no such documents existed.  Nevertheless, the Court finds that sanctions against Plaintiff pursuant to Rule 37(b)(2) are warranted given its failure to obey the August 6 Discovery Order to provide discovery was neither substantially justified nor harmless.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Specifically, the Court will order Plaintiff to pay Nutrien's reasonable expenses, including attorney's fees, caused by Plaintiff's failure (specifically, the expenses and fees incurred in connection with meeting/conferring with Plaintiff to remedy the discovery violations and in litigating the matter through the Court's informal discovery dispute procedures).  *See* Fed. R. Civ. P. 37(b)(2)(A) & (C).  Additionally, neither the record regarding the field test (Doc. 126 at 149-50) nor testimony about the record may be used by Plaintiff for any purpose in connection with dispositive motions or trial.  Among other things, while Plaintiff's witnesses may attest if they have recollection independent of the record that a Biomite field test was conducted in July 2018, they may not

introduce the fact that a record exists documenting the fact of the field test or the details thereof. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

### C. Category 3 – Email Communications

Mr. Kovacevich attested during deposition that he "very seldom" communicated with certain employees, including Plaintiff's CFO/accounting chief, via email. (Doc. 126 Ex. D). Nutrien asserts that no emails were produced and Plaintiff counters that "[a]fter a diligent search no [responsive] records were found."

The Court cannot find based on this record that Plaintiff's failure to produce email communications violated the August 6 Discovery Order and, hence, no sanctions for this purported discovery violation will be imposed.

### D. Category 4 – Daily Labor Reports

During his deposition, Mr. Kovacevich attested that Plaintiff maintains a "daily harvest report" documenting the daily activities of Plaintiff's crews, for instance, "if they're spraying, they're cultivating." (Doc. 126, Ex. D at 72-73). Plaintiff did not produce in discovery any such daily reports although, at Nutrien's request, following the close of nonexpert discovery, Plaintiff offered to produce the documents. The daily reports documenting Plaintiff's use of Biomite during the reported field test in July 2018 and in May 2019 plainly would be responsive to RPD No. 28 (seeking production of records relating to the application of Biomite on Plaintiff's crops as alleged in the operative complaint, *i.e.*, on May 18 and 19, 2019). Counsel for Plaintiff offered no reasonable basis either in the parties' joint discovery dispute brief or during the discovery dispute conference to conclude otherwise. Nor did counsel set forth any basis for finding that the failure to timely produce the documents (*i.e.*, before nonexpert discovery had closed) in response to the August 6 Discovery Order was substantially justified. The documents have particular relevance to Nutrien's ability to identify witnesses to the Biomite application(s) at issue and to its ability to assess damages and, thus, nonproduction of the documents harmed Nutrien by depriving it of an opportunity to examine a witness about the documents.

REMEDY: for the reasons summarized above and further addressed and preserved on the record, the Court finds that sanctions against Plaintiff pursuant to Rule 37(b)(2) are warranted

given its failure to obey the August 6 Discovery Order to provide discovery was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court will order Plaintiff to pay Nutrien's reasonable expenses, including attorney's fees, caused by Plaintiff's failure (specifically, the expenses and fees incurred in connection with meeting/conferring with Plaintiff to remedy the discovery violations and in litigating the matter through the Court's informal discovery dispute procedures). *See* Fed. R. Civ. P. 37(b)(2)(A) & (C). Additionally, the Court will direct Plaintiff to produce to Nutrien the daily harvest reports for all of June 2018 and the reports for May 18 and 19, 2019. Following its receipt of such records, Nutrien may move the Court to reopen discovery for the limited purpose of noticing depositions to examine a knowledgeable witness regarding the newly produced records. Neither the daily harvest reports nor testimony about such reports may be used by Plaintiff for any purpose in connection with dispositive motions or trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

### E.  Category 5 – Winery Sales Records

During his deposition, Mr. Kovacevich testified that Plaintiff "probably" has records about the quantity of grapes that were "ruined" following the Biomite application at issue in this case and that nevertheless were sold, ostensibly as salvage, to wineries. (Doc. 126, Ex. F). Based on this testimony, it is unclear whether such records, in fact, exist. Any such documents plainly would be responsive to Nutrien's RPD No. 29 (seeking documents relating to mitigation) and counsel for Plaintiff conceded as much during the discovery conference.

REMEDY: in light of the uncertainty as to whether any such records exist, the Court will direct a knowledgeable witness for Plaintiff to conduct a diligent search for and produce any records documenting the sale, transfer, or disposal of the grapes allegedly treated with Biomite in May 2019, and the proceeds of any such sale/transfer/disposal, and to file a declaration attesting to the conduct of said search and results thereof. If Plaintiff discovers responsive records, the Court will permit Defendants to examine the records and thereafter propose to the Court an appropriate sanction given the records' belated production.

### F.  Category 6 – Certain Financial Records

During deposition, Plaintiff's witnesses attested to their use of a software application that

tracks costs, expenses, crop yields, and sales. Nutrien contends that said records are responsive to various of its RPDs, yet no such records were produced.

The records at issue do not appear to exist presently; rather, they are records that can be generated to depict information memorialized in other records, such as product invoices, payroll records, and harvest sheets. (*See, e.g.,* Doc. 126, Ex. H). Nutrien does not complain about and does not compellingly demonstrate that Plaintiff failed to produce the underlying records that were responsive to Nutrien's RPDs; rather, Nutrien argues that Plaintiff was required to generate unspecified reports using its software application that would memorialize information responsive to its RPDs.

Rule 34 only requires a party to produce documents that are already in existence. *See, e.g., Goldsmith v. Garfield Beach CVS, LLC*, No., 2021 WL 11739039, at *3 (C.D. Cal. Feb. 16, 2021) (citing cases). Nevertheless, under certain circumstances, courts will require a party to query its existing database or software application to generate reports or information sought in discovery by a propounding party. *See, e.g., 4WEB, Inc. v. NuVasive, Inc.*, No. 24-cv-1021-JLS-MMP, 2025 WL 2495243, at *5 (S.D. Cal. Aug. 28, 2025); *Stamps.com, Inc. v. Endicia, Inc.*, No. CV 06–7499–ODW(CTx), 2008 WL 11338240, at *3-4 (C.D. Cal. Oct. 6, 2008).

The problem for Nutrien is that it does not appear that Plaintiff reasonably should have discerned from Nutrien's RPDs that it was obligated to use its software application to generate any specific report to comply with its discovery obligations. Neither in its meet-and-confer consultations (*see* Doc. 126, Ex. C at 2) nor in the parties' joint discovery dispute brief did Nutrien identify any specific report it sought for Plaintiff to generate and produce. Assuming the underlying, source documents in Plaintiff's possession evidencing the costs, expenses, yield, and sales of the crops treated with Biomite in May 2019 were produced, the Court finds that generating related reports using Plaintiff's software application is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, no sanctions for this purported discovery violation are warranted.

### G. Category 7 – Biomite Research

During his deposition, Mr. Kovacevich attested that he printed research he performed on

Biomite.  Although Plaintiff did not produce these documents during discovery, at Nutrien's request, following the close of nonexpert discovery, Plaintiff produced the documents.  (Doc. 126 at 169-94).

During the discovery dispute conference, counsel for Nutrien largely agreed that this document only appears marginally responsive to any of its RPDs.  However, given Plaintiff's belated production of the document, Plaintiff will be precluded from introducing the document for any purpose in connection with dispositive motions or trial.  While Mr. Kovacevich may attest if he has recollection independent of the record that he conducted research on Biomite, he may not introduce either the record or the fact that a record exists documenting his research or the details thereof for any purpose in connection with dispositive motions or trial.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), Plaintiff is precluded from introducing, relying upon, or referencing for any purpose in connection with dispositive motions or trial the documents identified herein improperly withheld and belatedly produced by Plaintiff.

It is FURTHER ORDERED that, no later than January 29, 2026, Plaintiff shall produce to Nutrien the daily harvest reports for all of June 2018 and the reports for May 18 and 19, 2019. Following its receipt of such records, Nutrien may move the Court to reopen discovery for the limited purpose of noticing depositions to examine a knowledgeable witness regarding the newly produced records.

It is FURTHER ORDERED, no later than January 29, 2026, Plaintiff shall direct a knowledgeable witness to conduct a diligent search for and produce any records documenting the sale, transfer, or disposal of the grapes allegedly treated with Biomite in May 2019, and the proceeds of any such sale/transfer/disposal, and to file a declaration attesting to the conduct of said search and results thereof.

It is FURTHER ORDERED that Plaintiff shall pay to Nutrien its attorney's fees and costs incurred in connection with meeting/conferring with Plaintiff to remedy the discovery violations

and in litigating the matter through the Court's informal discovery dispute procedures. *See* Fed. R. Civ. P. 37. In the event the parties are unable to stipulate to the amount of said award, Nutrien may file an application supported by appropriate billing records and declarations for the Court's adjudication. Plaintiff shall file any opposition to Nutrien's application within ten (10) days of its filing. Nutrien may not file any reply.

IT IS SO ORDERED.

Dated:    **January 22, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

12